Ruffin, Judge.
 

 It is to be hoped, that the perplexing questions on official bonds, which have frequently arisen of late, will not have a much longer continuance, since the new act directs them to be given to the Govern- or. Perhaps all difficulty would be most effectually cut up by the roots, by making them payable to the State at once.
 

 After all our endeavors, wc are unable to sustain this action. It is a suit on a clerk’s bond for £2000, payable to the justices of the peace for Cumberland county. The writ is brought by A, B, C, &c.
 
 nominalim,
 
 as the! successors of those who were justices at the time the bond was given. And
 
 McMUL,
 
 one of the obligors, was also then a justice.
 

 Wo
 
 have no doubt that when a statute directs an official bond to be payable to a class of official persons, it may and ought to be taken to them, by their name of office
 
 ;
 
 and in that name, they may sue on it. The statute confers upon them a corporate character pro
 
 hac vice.
 
 And the capacity to take implies that of bringing suit. And in such case, the bond is not invalidated by reason that one of the obligors is one of the justices. For a corporator may give his bond to the corporation, which has a contracting capacity, distinct from that of the in-dividuáis who compose it. If this bond had in other respects conformed to the statute, a suit might have beer, sustained, in the name of the “ Justices of the County Court of Cumberland.”
 

 
 *286
 
 A bond payable to the justices of a county, which is not taken according to the directions of act authorizing it, may be supported as a valid bond at common law.
 

 But an action must be brought on if in the name of the surviving obligees,and not in that of the successors.
 

 And if one. of the obligees be a justice at its execution, it is void as to all.
 

 The case of
 
 Pearson
 
 v.
 
 Nes-hit, \ ante
 
 1
 
 vol.
 
 31
 
 ¿J
 
 approved by Rurnif, J.
 

 'We also think the bond might be good at common law, as one payable to the individuals who were justices. There is no contradiction in this. The same bond, it is true, cannot be hold to bo payable to the justices as a corporation, and as individuals. As a corporation, they are unlike those expressly created by charter. They have a general contracting capacity, limited only.by the restrictions of the charter. But when the corporation arises by, inference, in order to support a contract, which, as a class, they are 'directed by statute to enter into, they constitute a corporation solely for that single purpose ; and if the contract is not within the statute, ’ they do not contractas a corporation. Such is the case here1,, because the penalty of the bond is too large. The bond is therefore' at common law. As such we would support it, for the justices of a particular county cannot be, said to be an indefinite multitude, since it is so readily made certain, who they are. And a deed may be made to persons, as well by description as
 
 nomination ;
 
 for after all, names are but a more precise description.
 

 But títere are two oilier objections, each of which is fatal to the plaintiffs. The one is, that this suit is brought by the successors,
 
 nominatim,
 
 of the justices to whom it was given. The obligation belonged to them individually, and coinés to the surviving obligees or obli-gee, when we consider it a common law contract. These plaintiffs therefore cannot sue. The other is,
 
 that MeMilly
 
 one of the obligors, is also an obligee. If an individual give his bond to another individual and himself, it is void, it is certainly so, if the obligees be mentioned by their proper names. So it is, if it be by description, which, includes him. Thus a note to a
 
 firm,
 
 of which he. is a member, is void.
 
 (Pearson
 
 v.
 
 Nesbit, ante
 
 1
 
 vol.
 
 315.
 
 Mainwaring
 
 v.
 
 Newman,
 
 2
 
 Bus.
 
 &
 
 Pul.
 
 120.) So I think it is, if payable to a class of persons, of which the' obiL gor is one. If I give my bond to
 
 c‘
 
 my father’s children,” upon what ground shall I be excluded ? Is there any intention that I shall not have a share ? It is said, there is, or at least it must be inferred, in order to sustain the contract; The same reason extends to the bond to' the-
 
 *287
 

 firm.
 
 And the intention seems to be, that the children,”
 
 as a class,
 
 should have the benefit of the thing to be done, in which I am to participate. Thai it is, which makes the bond void ; because it cannot be enforced, without naming me both as plaintiff and defendant. The same principle extends to the case before us. It may be said, and very truly, that here no benefit could be intended to
 
 Me Mill
 
 as an obligee, because none of the obligees are beneficially interested
 
 ;
 
 for the bond is taken in trust on its face. That intention will make no difference
 
 ;
 
 for if it went on that, the bond ■ would not be good at common law at all; since the intention was to give a bond under tlie statute, and such a bond only. We hold it to be good at common law, contrary to the actual intention ; because as a common law bond, it may enure to some purpose, since in fact there are obligors, obligees and a thing to be done. But if, upon its face, it cannot be sustained at common law, it must share the same fate then, as under the statute. We cannot say, that the parties did not intend to make
 
 McMill
 
 an obligee, when he is in fact made one, as much as any other of them is. The point in question was directly ruled in
 
 Justices
 
 v.
 
 Shan-iwuhouse.
 
 It was of such consequence, and the rule is likely to produce such mischief, that we have been willing to re-examine it, and overrule it, if possible. But that case stands upon ground that cannot be shaken. It is the gross injustice that is done by the rule, which makes one hesitate, not the doubt of the law.
 

 Per Curiam. — Judgment affirmed.